UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY



Caption in Compliance with D.N.J. LBR 9004-1(b)

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
msirota@coleschotz.com
David M. Bass, Esq.
dbass@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**Order Filed on March 13, 2020**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

In re:

MODELL'S SPORTING GOODS, INC., *et al.*,

        Debtors.[1]

Chapter 11
Case No. 20-14179 (VFP)
Joint Administration Requested
**Hearing Date and Time:**
March 13, 2020, at 10:00 a.m. (EST)

## ORDER AUTHORIZING AND APPROVING PROCEDURES FOR REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

     The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: March 13, 2020**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Modell's Sporting Goods, Inc. (9418), Modell's II, Inc. (9422), Modell's NY II, Inc. (9434), Modell's NJ II, Inc. (9438), Modell's PA II, Inc. (9426), Modell's Maryland II, Inc. (9437), Modell's VA II, Inc. (9428), Modell's DE II, Inc. (9423), Modell's DC II, Inc. (9417), Modell's CT II, Inc. (7556), MSG Licensing, Inc. (8971), Modell's NH, Inc. (4219), Modell's Massachusetts, Inc. (6965) and Modell's Online, Inc. (2893). The Debtors' corporate headquarters is located at 498 Seventh Avenue, 20th Floor, New York, New York 10018.

Page (2)
Debtors:            MODELL'S SPORTING GOODS, INC., *et al.*
Case No.            20-14179 (VFP)
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                    REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES

---

Upon the motion (the "**Motion**")[2] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), for entry of an order pursuant to sections 105(a), 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") establishing procedures for the rejection of executory contracts and unexpired leases and abandonment of personal property as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a), (b) and 1334(b); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion; and such notice having been adequate and appropriate under the circumstances; and it appearing that no other notice of Motion need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of Robert J. Duffy in Support of Debtors' Chapter 11 Petitions and First Day Pleadings;* the record of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and granted herein is in the best interests of the Debtors, their respective estates and creditors and all parties in interest; that the legal and factual

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Page (3)
Debtors:           MODELL'S SPORTING GOODS, INC., *et al*.
Case No.           20-14179 (VFP)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

---

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are authorized and approved:

    (a)      Rejection Notice.  The Debtors will file a notice (the "**Rejection Notice**"),
setting forth the proposed rejection of one or more Contracts and/or
Leases and will serve the Rejection Notice via overnight delivery service,
email, or fax on: (1) the non-Debtor counterparty (and its counsel, if
known) under the respective Contract or Lease at the notice address
specified in the applicable Lease or Contract (the "**Counterparty**"); (2)
with respect to real property Leases ("**Real Property Leases**"), any
known third party having an interest in personal property located at the
leased premises (the "**Leased Premises**"); (3) any party known to assert a
lien in any property subject to the rejected Contract or Lease; (4) counsel
for the administrative agent under the Debtors' pre-petition revolving
credit facility, JPMorgan Chase Bank, N.A., c/o Daniel F. Fiorillo, Esq.
and Chad B. Simon, Esq., Otterbourg P.C.; (5) attorneys for the term agent
under the Debtors' pre-petition term loan, Wells Fargo Bank, National
Association, c/o Steven E. Fox, Esq., Riemer & Braunstein LLP; (6)
counsel to any official committee appointed in these chapter 11 cases; and
(7) the Office of the United States Trustee for the District of New Jersey
(collectively, the "**Rejection Notice Parties**").

    (b)      Content of Rejection Notice. The Rejection Notice shall be substantially in
the form attached as **Exhibit 1** to this Order.  With respect to Real
Property Leases, the Rejection Notice shall set forth the following
information, to the best of the Debtors' knowledge: (1) the street address
of the related real property; (2) the name and address of the landlord (the
"**Landlord**"); (3) the date on which the Debtors will vacate (or have
vacated) the Leased Premises; and (4) any personal property to be
abandoned at any Leased Premises. With respect to all other Contracts or

Page (4)
Debtors:                MODELL'S SPORTING GOODS, INC., *et al*.
Case No.                20-14179 (VFP)
Caption of Order:       ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                        REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                        LEASES

_____

Leases to be rejected, the Rejection Notice shall set forth the following
information, to the best of the Debtors' knowledge: (1) the name and
address of the Counterparty; and (2) a brief description of the Contract or
Lease to be rejected. All Rejection Notices will be accompanied by a copy
of the proposed order approving the rejection of the Contracts and/or
Leases set forth on the Rejection Notice (each such order, a "**Rejection
Order**"), substantially in the form attached to the Rejection Notice as
**Exhibit A**.

(c)     Objections.  Should a party in interest object to the Debtors' proposed
        rejection of a Contract or Lease, such party must file and serve a written
        objection (an "**Objection**") so that such objection is filed with the Court
        and actually received by the following parties no later than fourteen (14)
        calendar days after the date the Rejection Notice is filed: (1) proposed
        attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main
        Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, Esq. ,
        David M. Bass and Felice R. Yudkin, Esq.; (2) Office of the United States
        Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100,
        Newark, New Jersey 07102; (3) counsel for the administrative agent under
        the Debtors' pre-petition revolving credit facility, JPMorgan Chase Bank,
        N.A., c/o Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq., Otterbourg
        P.C.; (4) counsel for the term agent under the Debtors' pre-petition term
        loan, Wells Fargo Bank, National Association, c/o Steven E. Fox, Esq.,
        Riemer & Braunstein LLP; and (5) counsel to any official committee
        appointed in these chapter 11 cases (collectively, the "**Objection Notice
        Parties**").  Each Objection must state with specificity the ground for
        objecting to the proposed rejection of the Contract or Lease and/or
        abandonment of Remaining Property (as defined and discussed below), as
        applicable.

(d)     Effects of Failing to File an Objection to a Rejection Notice. If no
        Objection to a Rejection Notice is timely filed and served, the Debtors
        may submit the Rejection Order to the Court, and the applicable Contract
        or Lease shall be  deemed rejected on the effective date set forth in the
        Rejection Notice (the "**Rejection Date**"); *provided*, *however*, that the
        Rejection Date for a Real Property Lease shall not be earlier than the later
        of (i) the Rejection Date set forth in the Rejection Notice, (ii) the date the
        Debtors relinquish control of the premises by notifying the affected

Page (5)
Debtors:            MODELL'S SPORTING GOODS, INC., *et al*.
Case No.            20-14179 (VFP)
Caption of Order:   ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                    REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                    LEASES

___

landlord in writing of the Debtors' surrender of the premises and (A)
turning over keys, key codes, and security codes, if any, to the affected
landlord or (B) notifying the affected landlord in writing that the keys, ley
codes, and security codes, if any, are not available but the landlord may
rekey leased premises , or (iii) the Rejection Objection Deadline, with no
objections having been filed.  Upon the Rejection Date, any personal
property or furniture, fixtures, and equipment ("**Remaining Property**")
remaining on the Leased Premises shall be deemed abandoned by the
Debtors, and the Landlords may use or dispose of any Remaining
Property, in their sole discretion, free and clear of all liens, claims,
encumbrances, and interests, and without any notice or liability to the
Debtors and their estates and any third party and without waiver of any
claim the Landlords may have against the Debtors and their estates.

(e)     Effects of Filing an Objection to a Rejection Notice. If a timely Objection
        to a Rejection Notice is filed and received in accordance with the
        Rejection Procedures, the Debtors shall schedule a hearing on such
        Objection and shall provide at least seven (7) days' notice of such hearing
        to the objecting party, any affected landlord and the Objection Notice
        Parties. If the Court upholds the Debtors' determination to reject the
        applicable Contract or Lease, then the applicable Contract or Lease shall
        be deemed rejected (i) as of the Rejection Date or (ii) as otherwise
        determined by the Court as set forth in any order overruling such
        Objection.

(f)     Consent Orders. Any Objection may be resolved without a hearing by an
        order of the Court submitted on a consensual basis by the Debtors and the
        objecting party.

(g)     Deadlines for Filing Claims. Claims arising out of the rejection of
        Contracts or Leases must be filed on or before the later of (i) the deadline
        for filing proofs of claims established by the Court in these chapter 11
        cases or (ii) thirty (30) days after the date of entry of the applicable
        Rejection Order. If no proof of claim is timely filed, such claimant shall
        not be treated as a creditor with respect to such claims for voting on any
        chapter 11 plan in these chapter 11 cases and shall be forever barred from
        asserting a claim for rejection damages and from participating in any

Page (6)
Debtors:              MODELL'S SPORTING GOODS, INC., *et al*.
Case No.              20-14179 (VFP)
Caption of Order:     ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                      REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES

---

distributions that may be made in connection with the Debtors' bankruptcy cases.

(h)     Treatment of Security Deposits. If the Debtors have deposited funds with a Counterparty or Landlord as a security deposit or other arrangement, such Counterparty or Landlord may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Debtors.

3.      The form of Rejection Notice attached hereto as **Exhibit 1** is hereby approved.

4.      The Debtors are hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the Rejection Procedures as approved by this Order.

5.      Entry of this Order is without prejudice to the rights of the Debtors, including but not limited to, the right to seek further, other, or different relief regarding any Contract or Lease pursuant to, among other things, section 365 of the Bankruptcy Code.

6.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the rejection of a Contract or Lease, including any right to assert an offset, recoupment, counterclaim or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

7.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (1) an

Page (7)
Debtors:           MODELL'S SPORTING GOODS, INC., *et al*.
Case No.           20-14179 (VFP)
Caption of Order:  ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                   REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                   LEASES

---

admission as to the validity or priority or any claim against the Debtors; (2) a waiver of the

Debtors' rights to dispute any claim; or (3) a rejection, assumption or assignment of any Contract

or Lease pursuant to section 365 of the Bankruptcy Code.

8.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.      Notwithstanding the entry of this Order, any objections to the Rejection

Procedures (an "**Objection**") may be filed with the Court, with a copy to chambers, and served

upon (i) the proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main

Street, P.O. Box 800, Hackensack, New Jersey 07602-0800 (Attn: Michael D. Sirota, Esq. and

Felice R. Yudkin, Esq.); (ii) the Office of the United States Trustee for Region 3, One Newark

Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102; (iii) counsel for the

administrative agent under the Debtors' pre-petition revolving credit facility, JPMorgan Chase

Bank, N.A., c/o Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq., Otterbourg P.C.; and (iv)

counsel for the term agent under the Debtors' pre-petition term loan, Wells Fargo Bank, National

Association, c/o Steven E. Fox, Esq., Riemer & Braunstein LLP so as to be received no later than

**4:00 p.m. (Eastern Time) on March 30, 2020.**  In the event an Objection to the Rejection

Procedures is timely filed, the Court will hold a hearing to entertain such Objection on **April 6,**

**2020 at 10:00 a.m. (Eastern Time)**.

Page (8)
Debtors:              MODELL'S SPORTING GOODS, INC., *et al.*
Case No.              20-14179 (VFP)
Caption of Order:     ORDER AUTHORIZING AND APPROVING PROCEDURES FOR
                      REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
                      LEASES

_____

10.    This Court retains jurisdiction with respect to all matters arising from or related to

the enforcement and implementation of this Order.

## **EXHIBIT 1**

**Form of Rejection Notice**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
msirota@coleschotz.com
David M. Bass, Esq.
dbass@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| MODELL'S SPORTING GOODS, INC., *et al.*, | Case No. 20-14179 (VFP) |
| Debtors.[1] | Joint Administration Requested |

**NOTICE OF REJECTION OF**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**TO:**    **The Parties Identified on Schedule 1 Attached Hereto:**

    **PLEASE TAKE NOTICE** that on [_____], 2020, the United States

Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**") entered an order

[Docket No. ____] (the "**Rejection Procedures Order**") granting the Debtors' Motion for Entry

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Modell's Sporting Goods, Inc. (9418), Modell's II, Inc. (9422), Modell's NY II, Inc. (9434), Modell's NJ II, Inc. (9438), Modell's PA II, Inc. (9426), Modell's Maryland II, Inc. (9437), Modell's VA II, Inc. (9428), Modell's DE II, Inc. (9423), Modell's DC II, Inc. (9417), Modell's CT II, Inc. (7556), MSG Licensing, Inc. (8971), Modell's NH, Inc. (4219), Modell's Massachusetts, Inc. (6965) and Modell's Online, Inc. (2893).  The Debtors' corporate headquarters is located at 498 Seventh Avenue, 20th Floor, New York, New York 10018.

of an Order Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases [Docket No. ___] (the "**Motion**"), approving certain procedures for the rejection of executory contracts and unexpired leases of the Debtors.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby provide notice of their intent to reject the Contracts and/or Leases identified on **Schedule 1** hereto (the "**Contracts and Leases**").

      **PLEASE TAKE FURTHER NOTICE** that should you object to the Debtors' rejection of a Contract or Lease identified on **Schedule 1** hereto, you must file and serve a written objection on: (1) proposed attorneys for the Debtors, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602, Attn: Michael D. Sirota, David Bass, and Felice Yudkin; (2) Office of the United States Trustee, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, Attn: Mitchell B. Hausman and Peter J. D'Auria); (3) counsel for the administrative agent under the Debtors' pre-petition revolving credit facility, JPMorgan Chase Bank, N.A., c/o Daniel F. Fiorillo, Esq. and Chad B. Simon, Esq., Otterbourg P.C.; (4) counsel for the term agent under the Debtors' pre-petition term loan, Wells Fargo Bank, National Association, c/o Steven E. Fox, Esq., Riemer & Braunstein LLP; and (5) counsel to any official committee appointed in these chapter 11 cases (collectively, the "**Objection Notice Parties**"), so that such objection is filed with the Bankruptcy Court and received by the Objection Notice Parties no later than [_____], 2020, which is fourteen (14) days after the date that the Debtors filed and served this Rejection Notice.

      **PLEASE TAKE FURTHER NOTICE** that absent an objection being filed and served in compliance with the Rejection Procedures Order, the Rejected Contracts and Leases will be

2

rejected pursuant to section 365(a) of the Bankruptcy Code effective as of the date set forth on

**Schedule 1** to this Rejection Notice (the "**Rejection Date**") or, if no such date is set forth

therein, the Rejection Date shall be the later of (i) the date of this Rejection Notice; and (ii) the

date of surrender of the leased property.

 **PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and served on

the Objection Notice Parties as specified above, and cannot be resolved, the Debtors shall seek a

hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the

objecting party and the Objection Notice Parties. If such objection is overruled by the

Bankruptcy Court or withdrawn, the rejection of the Rejected Leases shall be deemed effective

(a) as of the Rejection Date, or (b) as otherwise determined by the Bankruptcy Court as set forth

in any order overruling such objection.

 **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection

Procedures Order, if the Debtors have deposited monies with you as a security deposit or other

arrangement, you may not setoff, recoup or otherwise use such deposit without prior

authorization from the Bankruptcy Court.

 **PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Rejection

Procedures Order, for any claim that you may assert against the Debtors as a result of the

rejection of any Rejected Contract or Lease, you must submit a proof of claim for damages

arising from such rejection on or before the later of (i) the deadline for filing proofs of claim

established by the Bankruptcy Court in the Debtors' chapter 11 cases, or (ii) thirty (30) days after

the Rejection Date.  If you do not timely file such proof of claim, you will not be treated as a

creditor with respect to such claim for voting on any chapter 11 plan in the Debtors' chapter 11

cases and shall be forever barred from asserting a claim for rejection damages arising from the

rejection of the Rejected Contract and Leases or from participating in any distributions that may

be made in connection with these chapter 11 cases.

Dated: _____, 2020

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Proposed Attorneys for Debtors*
*and Debtors in Possession*

 /s/ _____
Michael D. Sirota
David M. Bass
Felice R. Yudkin
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone:  (201) 489-3000
Facsimile:  (201) 489-1536
Email: msirota@coleschotz.com
dbass@coleschotz.com
fyudkin@coleschotz.com

4

**SCHEDULE 1**

| REJECTION SCHEDULE | | | | |
|---|---|---|---|---|
| **Counterparty** | **Counterparty Address** | **Title/Description of Lease** | **Property to be Abandoned (if applicable)** | **Rejection Date** |
|  |  |  |  |  |
|  |  |  |  |  |

| PROPERTY TO BE ABANDONED | |
|---|---|
| Description of Property to be Abandoned (if applicable) | Counterparty to Personal Property Lease (if applicable) |
|  |  |
|  |  |

**EXHIBIT A TO REJECTION NOTICE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
msirota@coleschotz.com
David M. Bass Esq.
dbass@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

In re:

MODELL'S SPORTING GOODS, INC., *et al.,*

              Debtors.[1]

Chapter 11
Case No. 20-14179 (VFP)
Joint Administration Requested

## ORDER APPROVING THE REJECTION OF CONTRACTS AND LEASES AND <u>ABANDONMENT OF PROPERTY IN CONNECTION THEREWITH</u>

       The relief set forth on the following pages, numbered two (2) through (4), is hereby **ORDERED**.

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Modell's Sporting Goods, Inc. (9418), Modell's II, Inc. (9422), Modell's NY II, Inc. (9434), Modell's NJ II, Inc. (9438), Modell's PA II, Inc. (9426), Modell's Maryland II, Inc. (9437), Modell's VA II, Inc. (9428), Modell's DE II, Inc. (9423), Modell's DC II, Inc. (9417), Modell's CT II, Inc. (7556), MSG Licensing, Inc. (8971), Modell's NH, Inc. (4219), Modell's Massachusetts, Inc. (6965) and Modell's Online, Inc. (2893). The Debtors' corporate headquarters is located at 498 Seventh Avenue, 20th Floor, New York, New York 10018.

Page (2)
Debtors:                MODELL'S SPORTING GOODS, INC., *et al*.
Case No.                20-14179 (VFP)
Caption of Order:       ORDER APPROVING THE REJECTION OF CONTRACTS AND
                        UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
                        CONNECTION THEREWTIH

---

Pursuant to and in accordance with the *Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases* [Docket No. ___] (the "**Rejection Procedures Order**");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of these cases and this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having properly filed and served a "Notice of Rejection of Executory Contracts and/or Unexpired Leases" [Docket No. ___] (the "**Rejection Notice**") in accordance with the terms of the Rejection Procedures Order in respect of the rejection of the executory contracts (the "**Contracts**") and/or unexpired leases (the "**Leases**") set forth on **Exhibit 1** hereto; and no timely objections having been filed to the rejection of the Contracts and Leases; and it appearing that due and adequate notice of the Rejection Procedures Order and the Rejection Notice has been given, and that no other or further notice need be given; and the Court having determined that the rejections provided for herein are an appropriate exercise of the Debtors' business judgment; and after due deliberation, and good and sufficient cause appearing therefor, it is hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rejection Procedures Order.

Page (3)
Debtors:              MODELL'S SPORTING GOODS, INC., *et al.*
Case No.              20-14179 (VFP)
Caption of Order:     ORDER APPROVING THE REJECTION OF CONTRACTS AND
                      UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
                      CONNECTION THEREWTIH

---

1.      Contracts and Leases listed on **<u>Exhibit 1</u>** hereto are hereby rejected effective as of the dates set forth for such Contracts and Leases listed on **<u>Exhibit 1</u>** hereto (the "**Rejection Date**").

2.      The rights of the Debtors and their estates to assert that the Contracts and Leases rejected hereby expired by their own terms or were terminated prior to the date hereof are fully preserved, and the Debtors and their estates do not waive any rights or claims that they may have with respect to or against the counterparties to such Contracts and Leases, whether or not such rights or claims arise under, are related to the rejection of, or are independent of the Contracts and Leases rejected hereby.

3.      If any affected counterparty subject to this Order (a "**Rejection Claimant**") asserts a claim or claims against the Debtors and their estates arising from the rejection of the Contracts and Leases, such Rejection Claimant shall submit a proof of claim on or before the later of (i) the deadline for filing proofs of claims established by the Court in these chapter 11 cases or (ii) thirty (30) days after the date of entry of this Order.  If no proof of claim is timely filed, such claimant shall not be treated as a creditor with respect to such claims for voting on any chapter 11 plan in these chapter 11 cases and shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with the Debtors' bankruptcy cases.

Page (4)
Debtors:            MODELL'S SPORTING GOODS, INC., *et al.*
Case No.            20-14179 (VFP)
Caption of Order:   ORDER APPROVING THE REJECTION OF CONTRACTS AND
                    UNEXPIRED LEASES AND ABANDONMENT OF PROPERTY IN
                    CONNECTION THEREWTIH

---

4.      The Debtors are authorized to take any action necessary or appropriate to

implement the terms of this Order and the rejections without further order from this Court.

5.      This Court shall retain exclusive jurisdiction and power to resolve any dispute

arising from or related to this Order.