**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Michael D. Sirota, Esq.
msirota@coleschotz.com
David M. Bass, Esq.
dbass@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Attorneys for Debtors in Possession*

In RE:

MODELL'S SPORTING GOODS, INC., *et al.*,

Debtors.[1]

Order Filed on March 27, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11
Case No. 20-14179 (VFP)
Jointly Administered
**Hearing Date and Time:**
March 25, 2020, at 3:00 p.m. (ET)

# ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby **ORDERED**.

**DATED: March 27, 2020**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Modell's Sporting Goods, Inc. (9418), Modell's II, Inc. (9422), Modell's NY II, Inc. (9434), Modell's NJ II, Inc. (9438), Modell's PA II, Inc. (9426), Modell's Maryland II, Inc. (9437), Modell's VA II, Inc. (9428), Modell's DE II, Inc. (9423), Modell's DC II, Inc. (9417), Modell's CT II, Inc. (7556), MSG Licensing, Inc. (8971), Modell's NH, Inc. (4219), Modell's Massachusetts, Inc. (6965) and Modell's Online, Inc. (2893). The Debtors' corporate headquarters is located at 498 Seventh Avenue, 20th Floor, New York, New York 10018.

Page (2)
Debtors:         MODELL'S SPORTING GOODS, INC., *et al*.
Case No.         20-14179 (VFP)
Caption of Order: ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

Upon the verified application (the "**Application**")[2] of Modell's Sporting Goods, Inc. and its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105 and 305 of the Bankruptcy Code and Bankruptcy Rule 1017 for entry of an order approving the Bankruptcy Suspension, as more fully set forth in the Application; and the Court having jurisdiction to decide the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334(b); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Application need be provided; and the Court having held a hearing (the "**Hearing**") to consider the relief requested; and upon the *Declaration of Robert J. Duffy in Support of Debtors' Chapter 11 Petitions and First Day Pleadings*, the records of the Hearing, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Application and granted herein is in the best interests of the Debtors and their creditors, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

Page (3)
Debtors:            MODELL'S SPORTING GOODS, INC., *et al.*
Case No.            20-14179 (VFP)
Caption of Order:   ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. The Bankruptcy Suspension, including the Operational Suspension, is hereby authorized and the Debtors' chapter 11 cases are hereby suspended through and including April 30, 2020 (the "**Suspension Period**"), pursuant to 11 U.S.C. §§ 305 and 105, without prejudice to the Debtors' right to seek, on shortened notice, a further extension by further Order of this Court. A hearing shall be conducted on April 30, 2020 at 10:00 a.m. to consider, among other things, a further extension of the Bankruptcy Suspension or alternative orders for relief as the Court deems just. Any requests for alternative relief or objections to a further extension of the Suspension Period shall be filed on or before April 24, 2020 at 5:00 p.m. and any responses thereto shall be filed on or before April 28, 2020 at 5:00 p.m. Specifically:

    a. The Debtors are authorized to implement the Operational Suspension. To the extent any of the terms of the Operational Suspension or any action taken by the Debtors in order to effectuate same conflict with relief previously ordered by the Court or their duties as debtors in possession, this Order shall govern.

    b. All deadlines that would otherwise occur during the Bankruptcy Suspension are hereby extended until further notice, as set forth in more detail in paragraph 5 below and the discussions on the record before the Court. All parties shall be permitted to seek relief from this Court with respect to exigent and unforeseen circumstances not otherwise inconsistent with this Order and which the Debtors (in consultation with the pre-petition lenders and the official committee of unsecured creditors (the "**Committee**")) and such parties are unable to resolve consensually.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

-3-

Page (4)
Debtors:             MODELL'S SPORTING GOODS, INC., *et al*.
Case No.             20-14179 (VFP)
Caption of Order:    ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

---

Based on the Court's assessment of exigency, the Court will make itself available in its own discretion and as circumstances may permit or warrant. Notice of any such request for relief during the Bankruptcy Suspension shall be filed with the Court and served by email on the following parties: (i) counsel to the Debtors, Cole Schotz P.C. (Attn: Michael D. Sirota, Esq. (MSirota@coleschotz.com), David M. Bass, Esq. (DBass@coleschotz.com) and Felice R. Yudkin, Esq. (FYudkin@coleschotz.com));(ii)  the Office of the United States Trustee (Attn: Mitchell Hausman, Esq. (Mitchell.B.Hausman@usdoj.gov) and Peter J. D'Auria, Esq. (Peter.J.D'Auria@usdoj.gov)); (iii) counsel for the Committee, Lowenstein Sandler LLP (Attn: Jeffrey Cohen, Esq. (JCohen@lowenstein.com), Nicole Fulfree, Esq. (nfulfree@lowenstein.com) and Michael Papandrea, Esq. (MPapandrea@lowenstein.com)); (iv) counsel for the Prepetition Administrative Agent, Otterbourg P.C. (Attn: Daniel F. Fiorillo, Esq. (dfiorillo@otterbourg.com) and Chad B. Simon, Esq. (CSimon@otterbourg.com)); (v) counsel for the Prepetition Term Agent, Riemer & Braunstein LLP (Attn: Steven E. Fox, Esq. (SFox@riemerlaw.com)); and (vi) local counsel for the Prepetition Administrative Agent and Prepetition Term Agent, Norris McLaughlin, P.A. (Attn: Morris S. Bauer, Esq. (mabuer@norris-law.com)).

c. All payments of expenses other than those essential expenses set forth in the Modified Budget are hereby deferred, provided that all parties reserve all rights to argue that obligations allegedly accrued during the Operational Suspension and/or Bankruptcy Suspension are or are not waived, abated, or otherwise not subject to payment. Further, for the avoidance of doubt, the $100,000 weekly consent fee indicated in line item 35 of the Modified Budget shall be accrued and not paid during the Bankruptcy Suspension and all rights to challenge the propriety of making this payment are expressly reserved.

d. The automatic stay shall remain in full force and effect during the pendency of the Bankruptcy Suspension, subject to the relief procedures set forth in ¶ 2(b) herein.

e. The retentions of Cole Schotz and A&G are conditionally approved.

f. Upon the filing of a retention application, the retention of Lowenstein Sandler LLP as counsel for the Committee, as well as any additional

Page (5)
Debtors:         MODELL'S SPORTING GOODS, INC., *et al*.
Case No.         20-14179 (VFP)
Caption of Order: ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

---

professional retained by the Committee, if any, shall be conditionally approved. During the Bankruptcy Suspension, the Committee is permitted to continue to operate in the proper exercise of its fiduciary duties in a manner not inconsistent with the terms of this Order.

g. The Debtors' professionals are authorized to draw on their respective retainers to pay themselves 80% of their fees and 100% of their expenses during the Bankruptcy Suspension but are not obligated to file and serve monthly fee statements or interim compensation applications during the Bankruptcy Suspension. Notwithstanding the foregoing, (i) at least five business days prior to making any such draw, a professional shall serve a statement reflecting the number of hours worked and amount billed by such professional, broken down by timekeeper, on the Debtors' pre-petition lenders, the Office of the United States Trustee for Region 3, and counsel for the Committee and (ii) any funds the professionals draw against their retainers during the Bankruptcy Suspension shall remain subject to the entry of a final order approving the award of such compensation. Any amounts which remain unspent from the Debtors' professionals' respective retainers as of the conclusion of the chapter 11 cases shall be designated to pay the professional fees and expenses incurred by the Committee during the chapter 11 cases prior to any conversion or dismissal of these chapter 11 cases.

h. Counsel to the Debtors shall consult with the counsel to the pre-petition lenders and Committee on an as-needed basis and shall provide counsel to the Committee with such information as is reasonable and practicable under the circumstances.

3. The Operational Suspension may be enacted on the following terms:

a. To the extent they have not already done so, the Debtors may immediately (i) cease operations, including Store Closing Sales, at all 134 of their retail stores as well as fulfillment of orders on their e-commerce site, (ii) terminate store-level and distribution center employees, without severance, and (iii) cease all in-person operations at their corporate headquarters and terminate most corporate employees, without severance.

b. The Debtors may continue to employ certain critical employees responsible for human relations, finance, and infrastructure technology

-5-

Page (6)
Debtors:             MODELL'S SPORTING GOODS, INC., *et al*.
Case No.             20-14179 (VFP)
Caption of Order:    ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

---

functions during the Operational Suspension, as well as to provide for security, maintenance and repairs for the Debtors' stores. Landlords shall be granted reasonable access to inspect their subject leased premises.

4. Notwithstanding the foregoing, should COVID-19 abate before the Bankruptcy Suspension has expired, the Debtors may file a notice with the Bankruptcy Court informing it of the termination of the Bankruptcy Suspension. In the event the Debtors file any such notice, they shall provide counsel to the pre-petition lenders and Committee with as much notice as is reasonably practicable under the circumstances.

5. Once the Bankruptcy Suspension has terminated, the Debtors shall coordinate with the Court, the Office of the United States Trustee for Region 3, the Debtors' pre-petition lenders, and the Committee to set appropriate hearing dates and objection deadlines and shall provide such notice of all deadlines as is practicable under the circumstances.

6. The Cash Collateral Order is hereby amended to replace the Budget (as defined therein) with the Modified Budget, a copy of which is attached as Exhibit A to the Application only with respect to the Suspension Period. For the avoidance of doubt, and subject to the reservation of rights referenced in Section 9 hereof, the Cash Collateral Order, as amended by the Modified Budget, and all protections granted thereunder, including adequate protection of the pre-petition lenders, shall remain in full force and effect during the Operational Suspension and the Bankruptcy Suspension. Moreover, for the avoidance of doubt, references in the Cash Collateral Order to "line item 20" of the Budget ("Memo: Total Disbursements") shall be deemed to refer to "line item 26" of the Modified Budget and references in the Cash Collateral

-6-

Page (7)
Debtors:          MODELL'S SPORTING GOODS, INC., *et al*.
Case No.          20-14179 (VFP)
Caption of Order: ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305

---

Order to "line item 28" of the Budget ("Memo: Operating Account Balance") shall be deemed to refer to "line item 32" of the Modified Budget.

7. Notwithstanding anything to the contrary herein, the *Order Authorizing and Approving Procedures for Rejection of Executory Contracts and Unexpired Leases* (the "**Lease Rejection Procedures Order**") [Docket No. 68] and procedures approved thereunder shall continue to be applicable in these Chapter 11 cases during the duration of the Bankruptcy Suspension.

8. Nothing in this Order shall prevent the Debtors from presenting to the Court consensual agreements with respect to the rejection of any executory contract or unexpired lease of real property and the surrender of any premises, with the consent of the pre-petition lenders and the Committee, and for the Court to enter consent orders with respect thereto.

9. For the avoidance of doubt, all parties reserve all rights with respect to the entry of any final orders approving the relief granted by the interim orders entered by this Court on March 13, 2020, including without limitation the Cash Collateral Order and the Lease Rejection Procedures Order (to the extent permitted by the Court at the March 13, 2020 hearing).

10. The requirement set forth in Local Rule 9013-1(a)(2) that any motion be accompanied by a certification containing the facts supporting the relief requested in compliance with Local Bankruptcy Rule 7007-1 is deemed satisfied by the contents of the verified Application or otherwise waived.

| | |
|---|---|
| Page (8) | |
| Debtors: | MODELL'S SPORTING GOODS, INC., *et al*. |
| Case No. | 20-14179 (VFP) |
| Caption of Order: | ORDER TEMPORARILY SUSPENDING THE DEBTORS' CHAPTER 11 CASES PURSUANT TO 11 U.S.C. §§ 105 AND 305 |

11.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law stating the legal basis of the relief requested is deemed satisfied by the contents of the Application or otherwise waived.

12.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including to effectuate the intent of the Operational Suspension and the Bankruptcy Suspension, in accordance with the Application.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

-8-