| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**KELLEY DRYE & WARREN LLP**<br>Robert L. LeHane<br>101 Park Avenue<br>New York, NY 10178<br>Tel: 212-808-7800<br>Email: rlehane@kelleydrye.com<br><br>-and-<br><br>One Jefferson Road<br>Parsippany, NJ 07054<br>Tel: 973-503-5900<br><br>*Counsel to Basser-Kaufman, Brookfield Property REIT, Inc., Philips International Holding Corp., Regency Centers LP, and SITE Centers Corp.* | Objection D/L: April 24, 2020 at 5:00 p.m. ET<br>Hearing Date: April 30, 2020 at 10:00 a.m. ET<br>Related to ECF No. 234 |
| In Re:<br><br>MODELL'S SPORTING GOODS, INC., *et al.*,[1]<br><br>Debtors. | Case No.: 20-14179 (VFP)<br><br>Chapter: 11<br><br>Judge:  Hon. Vincent F. Papalia |

**LIMITED OBJECTION AND RESPONSE OF BASSER-KAUFMAN, BROOKFIELD PROPERTY REIT, INC., PHILIPS INTERNATIONAL HOLDING CORP., REGENCY CENTERS LP, AND SITE CENTERS CORP. (A) TO DEBTORS' INTENT TO SEEK A FURTHER SUSPENSION OF THEIR CHAPTER 11 CASES THROUGH AND INCLUDING MAY 31, 2020 AND (B) REQUEST FOR ADEQUATE PROTECTION <u>UNDER SECTIONS 363(E) AND 361 OF THE BANKRUPTCY CODE</u>**

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Modell's Sporting Goods, Inc. (9418), Modell's II, Inc. (9422), Modell's NY II, Inc. (9434), Modell's NJ II, Inc. (9438), Modell's PA II, Inc. (9426), Modell's Maryland II, Ind. (9437), Modell's VA II, Inc. (9428), Modell's DE II, Inc. (9423), Modell's DC II, Inc. (9417), Modell's CT II, Inc. (7556), MSG Licensing, Inc. (8971), Modell's NH, Inc. (4219), Modell's Massachusetts, Inc. (6965) and Modell's Online, Inc. (2893). The Debtors' corporate headquarters is located at 498 Seventh Avenue, 20th Floor, New York, New York 10018.

Basser-Kaufman, Brookfield Property REIT, Inc., Philips International Holding Corp., Regency Centers LP, and SITE Centers Corp. (collectively, the "Landlords") submit this limited objection and response (the "Objection") to the *Notice of Debtors' Intent to Seek a Further Suspension of their Chapter 11 Cases Through and Including May 31, 2020* (the "Extension Motion")[2] and request for request adequate protection under sections 363(e) and 361 of the Bankruptcy Code. In support of this Objection, the Landlords respectfully state as follows:

## PRELIMINARY STATEMENT

1. The Landlords are mindful of the devastating personal and economic impact of COVID-19 on the world at large and particularly in the retail industry and its effect on all participants, including tenants, landlords, and lenders. The Landlords understand the need for a suspension period in light of the current public health emergency, and do not object to allowing the Debtors to temporarily defer their obligation to pay regular monthly rent to the Landlords.

2. However, requiring the Landlords to bear the full brunt of financing the Debtors' use and occupancy of the stores during the extended suspension period is inequitable and inconsistent with both the spirit and provisions of the Bankruptcy Code. Rather, as adequate protection pursuant to sections 363(e) and 361 of the Bankruptcy Code, the Debtors should be required to make some minimum payments now, while preserving the Landlords' right to seek payment of the balance of the rent due under the Leases.

3. If the suspension of these chapter 11 cases is extended, the Debtors should be required to immediately pay a reasonable storage fee and any common area maintenance, real estate tax, utility, and insurance obligations due under the leases for the

---

[2] Docket No. 234.

2

month of April 2020. Going forward, the Debtors should be required to continue making similar monthly or per diem payments for the duration of the suspension period or until the leases are assumed or rejected. In the event the Debtors are able to safely resume operations at any location, the Debtors should be required to immediately resume full and timely payment of all obligations under the applicable leases.

4. The Landlords hope to resolve some, if not all, of the issues raised herein with the Debtors consensually, but reserve their rights to argue these issues at the hearing on the Extension Motion.

## BACKGROUND

5. The Landlords are the owners, affiliates, or managing agents for the owners of properties located throughout the United States where the Debtors lease non-residential real estate pursuant to written leases (each, a "Lease," and, collectively, the "Leases") for the locations listed on the attached Exhibit A (collectively, the "Leased Premises"). Most or all of the Leased Premises are located in shopping centers as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

6. On March 11, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court. To date, the Debtors continue to manage their businesses as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

7. On March 23, 2020, the Debtors filed the *Debtors' Verified Application in Support of Emergency Motion for Entry of an Order Temporarily Suspending their Chapter*

3

*11 Cases Pursuant to 11 U.S.C. §§ 105 and 305* (the "Suspension Motion")[3] which sought, among other things, the entry of an order temporarily suspending the Debtors' chapter 11 cases and authorizing them to defer payment of all expenses not contemplated by the Modified Budget. Suspension Motion at ¶ 4.

8. On March 27, 2020, the Court entered the *Order Temporarily Suspending the Debtors' Chapter 11 Cases Pursuant to 11 U.S.C. §§ 105 and 305* (the "Suspension Order")[4] which grants the Suspension Motion, temporarily suspends the Debtors' cases through and including April 30, 2020, and authorizes the Debtors to temporarily cease operations and to defer payment of all expenses other than those essential expenses set forth in the Modified Budget. Suspension Order at ¶¶ 2,3.

9. The Suspension Order further provides that "[a]ny requests for alternative relief or objections to a further extension of the Suspension Period shall be filed on or before April 24, 2020 at 5:00 p.m. and any responses thereto shall be filed on or before April 28, 2020 at 5:00 p.m.." Suspension Order at ¶ 2.

10. On April 20, 2020, the Debtors filed the Extension Motion, which seeks a further suspension of the Debtors' chapter 11 cases through and including May 31, 2020.

11. The Debtors did not pay rent or other amounts due under the Leases for the month of April 2020.

**OBJECTION AND RESPONSE**

**I.    THE DEBTORS ARE RESPONSIBLE FOR TIMELY PAYMENT OF ALL POST-PETITION RENT AND ADDITIONAL AMOUNTS DUE UNDER THE LEASES UNTIL THEY ARE ASSUMED, ASSIGNED, OR REJECTED**

---

[3] Docket No. 115.
[4] Docket No. 166. Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Suspension Order.

4

12. Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

> The [debtor] shall timely perform all of the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

13. The Bankruptcy Code requires the Debtors' timely performance of all obligations arising under the Leases before the Leases are assumed, assumed and assigned, or rejected, including, without limitation, the full payment of rent on the first day of each month.

14. Without waiving any rights, the Landlords recognize that the current public health emergency has disrupted commerce and upended the retail industry to the extent that it is temporarily impractical for the Debtors to fully comply with their obligations under Bankruptcy Code section 363(d)(3) to pay monthly rent to the Landlords.

15. While the Debtors may be unable to pay monthly rent in full during the Bankruptcy Suspension, the Debtors' use of the Leased Premises should not be financed solely by the Landlords. The Bankruptcy Code and equitable considerations require the Debtors to make certain minimum payments to the Landlords during the Bankruptcy Suspension, as set forth below.

## II. THE LANDLORDS ARE ENTITLED TO ADEQUATE PROTECTION FOR THE DEBTORS' POST-PETITION USE OF THE LANDLORDS' PROPERTY

16. Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such

5

use sale, or lease as is necessary to provide adequate protection of such interest."

11 U.S.C. § 363(e).

17. Section 363(e) is straightforward and non-discretionary. If a creditor with an "interest" in property used by the Debtors makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see Worldcom,* 304 B.R. 611; *see also In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary…").

18. The U.S. Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983).

19. A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself, the rents due under that lease, and the proceeds of the lease. *See In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) of the Bankruptcy Code reserves for bankruptcy courts the discretion to condition the time, place and manner of Store Closing Sales, thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations"). As noted on the record by Judge Walrath in *In re Forever 21, Inc., et al.* earlier this week, section 363(e) "requires the payment of adequate protection to anyone for use of that third party's property." Case No. 19-12122 at Docket No. 1221 (Bankr. D. Del. April 23, 2020). Thus, with an interest in property being used by the Debtors, and the request made herein, the Landlord is entitled to receive adequate protection.

6

20. Section 361 of the Bankruptcy Code is clear that adequate protection may take one of three forms: a debtor may (i) tender an upfront cash payment or periodic cash payments, (ii) grant replacement liens, or (iii) grant other related relief (other than an administrative claim under section 503(b)(1) of the Bankruptcy Code) amounting to the indubitable equivalent of the protected party's interest in the property. *Section 361(3) is also clear that adequate protection may not take the form of a deferred administrative claim.* Under section 361 of the Bankruptcy Code, only a contemporaneous transfer of value satisfies the requirements of adequate protection.

21. Accordingly, the Landlords are entitled to adequate protection pursuant to sections 363(e) and 361 of the Bankruptcy Code. While the Debtors have ceased normal retail operations, the Debtors' inventory is being stored at the Leased Premises during Bankruptcy Suspension. The Landlords are currently incurring costs to keep the Leased Premises free of fire, flood, theft, and various other risks and hazards. As adequate protection for the Debtors' use of the Leased Premises, the Landlords are entitled to immediate payment of a reasonable rate for storage for the month of April 2020, in addition to the Debtors' payment of common area maintenance costs, real estate taxes, utilities, and insurance obligations for the month of April 2020, whether the Debtors are obligated to pay such amounts directly or to the Landlords. Going forward, the Landlords are entitled to the same periodic payments for the duration of the Bankruptcy Suspension.

22. To the extent that the Debtors resume operations at any of the Leased Premises, the Debtors should be required to immediately resume payment in full of the amounts due under the Leases for rent and additional rent.

## JOINDER IN RESPONSES OF OTHER LANDLORDS

23. To the extent not inconsistent with this Objection, the Landlords join in the objections and responses to the Extension Motion asserted by other landlords and contract counterparties.

## RESERVATION OF RIGHTS

24. The Landlords reserve the right to amend and/or supplement this Objection and to raise any additional objections to the Extension Motion at the hearing on the Extension Motion. The Landlords also reserve all rights regarding the allowance of their administrative expense claims arising during the Bankruptcy Suspension.

## CONCLUSION

**WHEREFORE**, the Landlords request that the Court enter an order: (i) requiring the Debtors to immediately pay the Landlords a reasonable storage rate for the month of April 2020, and to comply with any obligations to pay common area maintenance costs, real estate taxes, utilities, and insurance for the month of April 2020, as adequate protection required by sections 363(e) and 361 of the Bankruptcy Code for the Debtors' post-petition use and occupancy of the Leased Premises; (ii) requiring the Debtors to make periodic payments to the Landlords for per diem reasonable rate storage, and to comply with any obligations to pay common area maintenance costs, real estate taxes, utilities, and insurance for the duration of the Bankruptcy Suspension, as adequate protection required by sections 363(e)

and 361 of the Bankruptcy Code for the Debtors' post-petition use and occupancy of the Leased Premises; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: April 24, 2020
      New York, New York

**KELLEY DRYE & WARREN LLP**

By*: /s/ Robert L. LeHane*
   Robert L. LeHane
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: rlehane@kelleydrye.com

*Attorneys for Basser-Kaufman, Brookfield Property REIT, Inc., Philips International Holding Corp., Regency Centers LP, and SITE Centers Corp.*

# EXHIBIT A

**BASSER-KAUFMAN**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
|  | Marlboro Plaza | Englishtown, NJ | Marlboro Plaza Associates, LLC |

**BROOKFIELD PROPERTY REIT INC.**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
| 157 | Monmouth Mall | Eatontown, NJ | Eatontown Monmouth Mall, LLC |
| 24 | Neshaminy Mall | Bensalem, PA | Neshaminy Mall Joint Venture Limited Partnership |

**PHILIPS INTERNATIONAL HOLDING CORP.**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
|  | Philips at Sunrise | 5508 Sunrise Highway Massapequa, NY | Philips International Holding Corp., as agent for Sunrise Mass LLC |
|  | Park Avenue Plaza | Long Beach, NY | Long Beach Shopping Center L.L.C. |

**REGENCY CENTERS LP**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
|  | Fellsway Plaza | Medford, MA | Fellsway Plaza Limited Partnership |

**SITE CENTERS CORP.**

| Store No. | Mall Name | Location | Landlord |
|---|---|---|---|
|  | Hamilton Marketplace | Hamilton, NJ | JDN Real Estate-Hamilton L.P. |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| MODELL'S SPORTING GOODS, INC., *et al.*,[5] | Case No. 20-14179 (VFP) |
| Debtors. | (Jointly Administered) |

**CERTIFICATE OF SERVICE**

I, Michael Reining, hereby certify that on April 24, 2020, in addition to the notice and service provided through the Court's CM/ECF system, I served true and correct copies of the foregoing document upon the parties listed in the attached schedule in the manner indicated.

                                              */s/ Michael Reining*
                                              Michael Reining

---

[5] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal tax identification number, as applicable, are as follows: Modell's Sporting Goods, Inc. (9418), Modell's II, Inc. (9422), Modell's NY II, Inc. (9434), Modell's NJ II, Inc. (9438), Modell's PA II, Inc. (9426), Modell's Maryland II, Ind. (9437), Modell's VA II, Inc. (9428), Modell's DE II, Inc. (9423), Modell's DC II, Inc. (9417), Modell's CT II, Inc. (7556), MSG Licensing, Inc. (8971), Modell's NH, Inc. (4219), Modell's Massachusetts, Inc. (6965) and Modell's Online, Inc. (2893). The Debtors' corporate headquarters is located at 498 Seventh Avenue, 20th Floor, New York, New York 10018.

2

# EXHIBIT A - SERVICE LIST

**Parties Served Via E-Mail**

| | |
|---|---|
| *Counsel for the Debtors*<br><br>Cole Schotz P.C.<br>Attn: Michael D. Sirota, David M. Bass, and Felice R. Yudkin<br>MSirota@coleschotz.com<br>DBass@coleschotz.com<br>FYudkin@coleschotz.com | *United States Trustee*<br><br>The Office of the United States Trustee<br>Attn: Mitchell Hausman and Peter J. D'Auria<br>Mitchell.B.Hausman@usdoj.gov<br>Peter.J.DAuria@usdoj.gov |
| *Counsel for the Committee*<br><br>Lowenstein Sandler LLP<br>Attn: Jeffrey Cohen, Nicole Fulfree, and Michael Papandrea<br>JCohen@lowenstein.com<br>NFulfree@lowenstein.com<br>MPapandrea@lowenstein.com | *Counsel for the Prepetition Administrative Agent*<br><br>Otterbourg P.C.<br>Attn: Daniel F. Fiorillo and Chad B. Simon<br>DFiorillo@otterbourg.com<br>CSimon@otterbourg.com |
| *Counsel for the Prepetition Term Agent*<br><br>Riemer & Braunstein LLP<br>Attn: Steven E. Fox<br>SFox@riemerlaw.com | *Local Counsel for the Prepetition Administrative Agent and Prepetition Term Agent*<br><br>Norris McLaughlin, P.A.<br>Attn: Morris S. Bauer<br>MBauer@norris-law.com |