**DENTONS US LLP**
1221 Avenue of the Americas
New York, New York 10020
Peter D. Wolfson (*pro hac vice* pending)
Peter.wolfson@dentons.com
Lauren Macksoud
Lauren.macksoud@dentons.com
Tel:  (212) 768-6700
Fax: (212) 768-6800

*Attorneys for Spectrotel, Inc.*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| MODELL'S SPORTING GOODS, INC., *et al.,* | Case No.: 20-14179 (VFP) |
| Debtors. | Jointly Administered |

### OBJECTION OF SPECTROTEL, INC. TO THE DEBTORS' INTENT TO SEEK A FURTHER SUSPENSION OF THEIR CHAPTER 11 CASES THROUGH AND INCLUDING MAY 31, 2020

Spectrotel, Inc. ("Spectrotel"), by and through its undersigned counsel, files this objection (the "Objection") to the *Debtor's Intent to Seek a Further Suspension of their Chapter 11 Case Through and Including May 31, 2020* [Docket No. 234] (the "Extension Notice") which seeks an extension of the relief sought by the Debtor in its *Verified Application in Support of Emergency Motion for Entry of an Order Temporarily Suspending Their Chapter 11 Cases Pursuant to 11 U.S.C. §§ 105 and 305* (the "Motion") [Docket No. 115] and obtained through the *Order Temporarily Suspending the Debtors' Chapter 11 Cases Pursuant to 11 U.S.C. §§ 105 and 305* [Docket No. 166] (the "Suspension Order").  Spectrotel respectfully represent as follows:

**PRELIMINARY STATEMENT**

1. Spectrotel is a full-service telecommunications provider. Spectrotel provides critical Internet and Transparent LAN Services to 79 Modell's locations pursuant to that certain Master Service Agreement and Internet over Anything Service Agreement and the Transparent LAN Services Agreements (together, the "Service Agreements"). The Internet Service is used to process credit card transactions. The Transparent LAN Service is used to provide private network transport between the Modell's warehouse and the data center.

2. Although Spectrotel handles small and large accounts nationally, it is a small business that cannot afford to provide services to the Debtor without getting paid. It has its own employees to pay, its own overhead to cover, and it is obligated to pay its providers for equipment provided by Spectrotel to the Debtor until that equipment is returned.

3. The monthly cost to the Debtors owed to Spectrotel under its contracts is approximately $15,000 a month, with a total balance due of $37,845.37 in post-petition charges through April 30, 2020. While this may not be much in the grand scheme of things, it is critical to Spectrotel. Spectrotel has applied for a small business loan under the recently enacted CARE Act, but has not yet received any funds, and even when it does, those will not be adequate to enable Spectrotel to continue to provide services to the Debtor without being paid currently.

4. Spectrotel does not deny that these are challenging times and that the spread of COVID-19 has added further complications to this and may other bankruptcy proceedings. Spectrotel also does not oppose measures to preserve the estates' value and protect all parties-in-interest, such as limiting operations to protect the health of personnel and cut costs with the aim of resuming operations and executing the Debtors' bankruptcy strategy when the spread of COVID-19 is sufficiently contained to do so. However, Spectrotel should not be obligated to

finance this case without any current payment or any assurance that it will be paid by the Debtors in the near term.

5. Spectrotel accordingly objects to the Extension Notice to the extent that it seeks an extension of time for the Debtors to perform their obligations under the Service Agreements. Spectrotel requests that any further suspension of the Debtors' obligations under the Service Agreements be conditioned upon either (i) the Debtor's designation of Spectrotel as a provider of "essential services" and payment of all outstanding and future post-petition obligations under the Service Agreements, (ii) authorizing Spectrotel to terminate services owed to the Debtors without incurring liability, or (iii) such other arrangement that adequately protects Spectrotel with respect to payments owed by the Debtor pursuant to the Service Agreements.

## **OBJECTION**

6. The Debtors seek entry of an order that continues the relief obtained by the Suspension Order through May 31, 2020. The Debtors ground their request in sections 105 and 305 of the Bankruptcy Code. While these sections provide this Court with broad powers, such powers are not limitless.

7. Recently in the case of *In re Forever 21, Inc.*, which is pending in the United States Bankruptcy Court for the District of Delaware as Case Number 19-12122, Judge Mary Walrath addressed the reach of section 105 of the Bankruptcy Code when deciding a motion filed by the asset purchaser to modify the sale order to permit the buyer to reject certain leases but not turn over the premises until after it could recover inventory once COVID-19 related "shelter-in-place" orders were lifted. In denying the motion, Judge Walrath said "section 105 of the Bankruptcy Code is not a blank check and does not give the court authority to grant the motion." *See* Reorg Research, *Judge Walrath Determines Court Does Not Have 'Blank Check' Authority to Grant*

*Relief to Forever 21 Purchaser; Says Buyer Must Perform All Obligations Under Leases With 'No In Between*, https://app.reorg.com/v3#/items/intel/9310?item_id=101827 (April 21, 2020). The Judge explained that section 105 permits the court to grant any relief that is "in furtherance" of a provision of the Code and "not in contravention of any other section." Judge Walrath went on to explain that the relief requested "I think this is in contravention [of section 365] of the Bankruptcy Code." *Id*.

8. Similarly section 305 of the Bankruptcy Code authorizes the Court to dismiss or suspend all proceedings in a case if "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. §305(a)(1). Here, while suspension of these proceedings may help the Debtors and certain creditors, namely the secured creditors, it is inequitable towards, and directly harms other creditors, such as Spectrotel. Spectrotel is being asked to continue to provide services to the Debtors without getting paid on a current basis, and without any assurance that it will get paid in the future. The Debtors have made no showing that their estates are administratively solvent, or will be by the end of this chapter 11 case. Accordingly, Spectrotel objects to the relief requested in the Extension Notice unless (i) the Debtors designate Spectrotel as a provider of "essential services" and pay to Spectrotel the balance of all outstanding obligations under the Service Agreements, (ii) this Court authorizes Spectrotel to terminate or disconnect services owed to the Debtors without liability or (iii) this Court requires the Debtors to make such showings and/or arrangements acceptable to Spectrotel that would adequately protect Spectrotel with respect to payments owed to it by the Debtors pursuant to the Service Agreements.

9. Internet Service is a vital and critical form of communication for any business. By way of example, the Debtors would not be able to process credit card transactions, track and synchronize store inventory, and process online orders without Internet Service. Therefore, like

other utility services, Internet is an "essential service" for which there should be funding in any budget. Accordingly, Spectrotel submits that it is qualified to be considered an essential service provider in this chapter 11 case.

10. By this Objection, Spectrotel further joins in the objections previously filed with respect to the Motion on similar grounds. *See*, *e.g.,* Docket Nos. 131, 134, 135,136,137,138, and 141.

## CONCLUSION AND RESERVATION OF RIGHTS

11. Further suspension of these bankruptcy proceedings is not in the best interest of all creditors and in fact forces certain creditors to finance these cases for the benefit of other creditors. Accordingly, this Court should not allow the Debtors to suspend these proceedings for an additional month. Should this Court grant a further suspension, however, Spectrotel respectfully requests that such extension be conditioned as set forth above. Spectrotel further reserves the right to supplement this Objection and make additional arguments at the hearing to consider the Extension Notice, and preserves all of its rights and remedies.

WHEREFORE, Spectrotel respectfully requests that this Court deny the Extension Notice or grant such other and further relief as may be just and proper.

Dated: April 24, 2020            **DENTONS US LLP**

/s/    *Peter D. Wolfson*
Peter D. Wolfson (*pro hac vice* pending)
Lauren Macksoud
1221 Avenue of the Americas
New York, New York 10020
Tel: (212) 768-6700
Fax: (212) 768-6800
Email:peter.wolfson@dentons.com
       lauren.macksoud@dentons.com

*Attorneys for Spectrotel, Inc.*

US_Active\114668545\V-6