| |
|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** |
| Donald W. Clarke, Esq.<br>WASSERMAN, JURISTA & STOLZ, P.C.<br>110 Allen Road, Suite 304<br>Basking Ridge, New Jersey 07920<br>Phone: (973) 467-2700<br>Email: dclarke@wjslaw.com<br><br>Arthur J. Steinberg, Esq. (admitted *pro hac vice*)<br>KING & SPALDING LLP<br>1185 Avenue of the Americas, 34th Floor<br>New York, New York 10036<br>Phone: (212) 556-2100<br>Email: asteinberg@kslaw.com<br><br>*Attorneys for Saltru Associates Joint Venture and Crown Acquisitions Inc.* |

In re:

MODELL'S SPORTING GOODS, INC., *et al.*,

Debtors.

Chapter 11

Case No. 20-14179 (VFP)

Jointly Administered

Hearing Date: April 30, 2020

**OBJECTION OF CERTAIN LANDLORDS REGARDING DEBTORS'
REQUEST FOR FURTHER SUSPENSION OF THEIR CHAPTER 11 CASES**

Saltru Associates Joint Venture and Crown Acquisitions Inc. (the "Landlords"), by and through their undersigned counsel, hereby submit this objection with respect to the *Notice of Debtors' Intent to Seek a Further Suspension of Their Chapter 11 Cases Through and Including May 31, 2020* [Docket No. 234], and respectfully state as follows:

**OBJECTION**

1. The Landlords understand the unprecedented circumstance that the Debtors face because of the COVID-19 pandemic. They too are facing the same unprecedented circumstance and have suffered and continue to experience their own financial hardship.

2.	In general, the Debtors have not paid landlords rent for the month prior to their bankruptcy filing (February), the month of their bankruptcy filing (March), or the full month after their bankruptcy filing (April).  After three months of "no rent", the Debtors are asking the landlords to continue this untenable status quo indefinitely.  That means that no rent will be paid in May, and potentially in the months thereafter.  To make matters worse, there is no assurance that the post-petition rent will eventually be paid.  Specifically, there have been no assurances given to the landlords that (a) post-petition rent will be paid before a lease is rejected, (b) the bankruptcy cases will be converted before post-petition rent is paid, or (c) the liquidation sales, once they are able to restart, will be sufficient to pay accrued post-petition rent.

3.	The Bankruptcy Code does not contemplate or tolerate this result.  If a Debtor wants the many benefits afforded by chapter 11, such as the automatic say, then it must comply with the Bankruptcy Code's requirements for being in chapter 11.  That means administrative expenses must be paid, and for landlords, post-petition rent must be timely paid as required by section 365(d)(3) of the Bankruptcy Code.  Similarly, if (as here) a secured lender wants to use the chapter 11 process to liquidate its collateral, it too must ensure that the administrative costs for doing so are paid.  Section 305 was never intended to change these fundamental bankruptcy concepts.

4.	The Landlords understood that the Bankruptcy Code allows the Debtors to delay paying post-petition rent during the first 60 days after the Petition Date for cause, and that since the Debtors' liquidation sales were delayed as a result of the COVID-19 pandemic, they had insufficient funds to pay post-petition rent. Accordingly, the Landlords did not oppose what the Debtors initially labeled their "suspension" request. However, the Landlords insisted, and the Court agreed, that the matter would be revisited before the expiration of the first 60 days after the

Petition Date; hence the setting of the April 30, 2020 hearing. During this time interval, the Debtors were supposed to engage with their secured lenders, with the newly formed Committee's assistance, so that the landlords' concerns, expressed clearly at the last two hearings, could be addressed. Unfortunately, to date, there is no agreement with the landlords and, in fact, the process towards achieving a consensual resolution has not started in a meaningful way.

5. In reality, it is an unnecessary waste of financial and judicial resources to debate whether the Debtors are appropriately using section 305 of the Bankruptcy Code. Simply put: they are not. A debtor cannot use a "suspension" as a shield from relieving itself of its mandated obligations under the Bankruptcy Code. But there is another and more direct approach to resolving this issue. The parties should be ordered to negotiate a resolution over the next two weeks (with a mediator if necessary). If they fail to do so, the Court should resolve the critical issues for the parties on an expedited basis.

6. The Landlords have spoken with many other landlords to try and achieve a consensus position for the upcoming hearing. They have also spoken with the Committee and the Debtors. Presumably, those discussions will continue during the period leading up to the April 30 hearing. The Landlords have presented the Debtors with the following proposal ("Proposal") that should serve as a framework for such discussions. If the parties cannot reach a resolution or an agreed process for a resolution before the April 30, 2020 hearing, the Landlords will ask the Court to adopt the Proposal in an appropriate order so that these cases can move forward in an efficient manner to timely address the Landlords' concerns.

## THE PROPOSAL

a) Landlords will not agree to a further suspension of the cases but will agree to a standstill until May 9, 2020—i.e. one day before rent becomes due under section 365(d)(3) of the Bankruptcy Code. A prerequisite to this standstill is the agreement for a skeleton budget (like April's) to only pay for essential services.

b) During this standstill period, the landlords, the Debtors, the Committee and the Debtors' secured lenders to negotiate a consensual budget through the liquidation period to address payment of the Debtors' post-petition rent obligations.

c) To the extent necessary, as determined by any of the parties, at the April 30, 2020 hearing, landlords/Debtors' counsel/Committee/secured lenders to request that the Court appoint another Bankruptcy Judge to act as a mediator to assist with the forgoing negotiation.

d) If a consensus on a revised budget cannot be reached during the standstill period, another status conference with the Court to be held on May 8, 2020 (subject to the Court's availability).

e) At the May 8 status conference, the Court to set an expedited briefing schedule with respect to any or all of the following issues (as determined by the Court):

   i. Whether the Debtors' post-petition rent obligations should be surcharged against the secured lenders' collateral under section 506(c) of the Bankruptcy Code;

   ii. Whether the Debtors should escrow the post-petition contractual rent and not distribute those sums to the secured lenders until the Court has determined the 506(c) issue and the amount that can be surcharged against their collateral;

   iii. Whether the landlords are entitled to adequate protection under section 363(e) of the Bankruptcy Code;

   iv. Whether conversion of these cases to chapter 7 is appropriate under the circumstances;

   v. Whether the secured lenders should be able to collect a consent fee and/or default interest before the landlords are paid their post-petition administrative rent;

   vi. Whether the landlords are entitled to relief from the automatic stay; and

   vii. An appropriate budget for the period after June 1, 2020.

f) Court to hold a hearing before June 1, 2020 to resolve the issues being briefed.

7. In sum, the Landlords believe that the Proposal represents a streamlined path forward for these cases that is reasonable and appropriately tailored to these circumstances.

**WHEREFORE**, the Landlords respectfully request that the Court deny the Debtors' request for a further suspension and adopt the Proposal, including (i) the appointment of a

mediator, to the extent requested at the April 30, 2020 hearing, to help the Debtors, the Committee, the landlords and the Debtors' secured lenders reach consensus on a revised go-forward budget by not later than May 8, 2020; (ii) that the Court set a status conference for May 8, 2020, subject to the Court's availability; and (iii) in the event the parties are unable to reach resolution on a modified budget by May 8, 2020, (a) that the Court set an expedited briefing schedule on the legal issues presented in the Proposal, and (b) that the Court set a hearing for not later than June 1, 2020, subject to the Court's availability, to resolve such issues.

Dated: April 25, 2020

Respectfully submitted,

By: /s/ *Donald W. Clarke*
Donald W. Clarke, Esq.
WASSERMAN, JURISTA & STOLZ, P.C.
110 Allen Road, Suite 304
Basking Ridge, New Jersey 07920
Phone: (973) 467-2700
Email: dclarke@wjslaw.com

Arthur J. Steinberg, Esq. (admitted *pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, New York 10036
Phone: (212) 556-2100
Email: asteinberg@kslaw.com

*Attorneys for Saltru Associates Joint Venture and Crown Acquisitions Inc.*