**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
Rocco A. Cavaliere, Esq.
rcavaliere@tarterkrinsky.com

*Attorneys for Landlords Madison-RTL Clifton*
*Heights PA LLC and Cortlandt Town Center LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| MODELL'S SPORTING GOODS, INC., et al., | Case No.: 20-14179 (VFP) |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF**
**MADISON-RTL CLIFTON HEIGHTS PA LLC AND CORTLANDT TOWN**
**CENTER LLC TO DEBTORS' NOTICE OF INTENT TO SEEK A FURTHER**
**SUSPENSION OF THEIR CHAPTER 11 CASES THROUGH MAY 31, 2020**

Madison-RTL Clifton Heights PA LLC ("Madison") and Cortlandt Town Center LLC ("Cortlandt", together with Madison, the "Landlords"), by their undersigned counsel, submits this limited objection and reservation of rights (the "Limited Objection") to the Debtors' notice of their intent to continue to suspend their Chapter 11 cases through May 31, 2020 (the "Suspension Notice") pursuant to sections 105 and 305 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Limited Objection, the Landlords respectfully state as follows:

**BACKGROUND**

1. On March 11, 2020 (the "Petition Date"), the Debtors filed petitions seeking relief under Chapter 11 of the Bankruptcy Code.

{Client/086501/1/02082164.DOC;1 }

2. On March 23, 2020, the Debtors filed a motion seeking the unprecedented relief of suspension of their Chapter 11 cases for a prolonged period of time (the "Suspension Motion").

3. On March 25, 2020, the Landlords filed a limited objection (the "Initial Objection") to the relief requested in the Suspension Motion, as did scores of other landlords. See Dkt. No. 135. The Initial Objection highlights the relevant background and details of the Landlords' leases with the Debtors and includes various arguments in support of the Landlords' position. The Initial Objection is incorporated herewith.

4. On March 25 and 27, the Court held hearings regarding the relief requested in the Suspension Motion. In light of the unprecedented circumstances surrounding the Covid-19 crisis, the Court decided to suspend the Debtors' cases through April 30, 2020 only and scheduled a further hearing on April 30, 2020 to determine any additional relief requested by the Debtors and landlords. The Court's limited relief was included in a carefully negotiated order that was entered on March 27, 2020. See Dkt. No. 166.

5. On April 20, 2020, the Debtors filed the Suspension Notice seeking to maintain the *status quo* until May 31, 2020. See Dkt. No. 234. Objections, if any, to any requested additional suspension of these cases were due on April 24, 2020, and thereafter extended with the Court's permission to April 26, 2020 at 12:00 p.m.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

6. The Landlords obviously understand that these are difficult and unusual times. The COVID-19 outbreak has caused considerable damage to the United States economy and many businesses, including retail companies such as Modell's. However, retailers and other businesses are not alone in sharing in the financial losses: landlords have also been devastated by

this crisis. As it relates to Modell's in particular, aside from non-payment of stub-rent in March and administrative rent due in April, Madison and Cortlandt and many other landlords also felt the additional financial blow dealt by the Debtors' strategic decision to forego payment of February and March base and additional rent even before the COVID-19 outbreak. Indeed, Madison and Cortlandt have received no rent payments since January, well before the COVID-19 situation. While Madison and Cortlandt are certainly sensitive to the difficult operational issues faced by the Debtors, these cases should not be run on the backs of landlords for the benefit of secured lenders. Already, April has come and gone, and there remains no more assurance now than on March 25, 2020, when we were first before the Court, as to timing of payment of rent. A further extension through May 31, 2020 without a commitment by the Debtors and their secured lenders that the Landlords will be paid their May rent, as well as all other prior administrative rent that previously accrued, should not be permitted.

7. At the upcoming hearing scheduled for April 30, 2020, the Landlords respectfully request that the Court fashion appropriate relief to protect the Landlords from continuing to be forced to allow their premises to be used as involuntary storage facilities for the benefit of the Debtors and their secured lenders. Section 305 of the Bankruptcy Code does not permit the Court to set aside the specific protections provided to landlords under the Bankruptcy Code, including section 365(d)(3), which requires timely payment of rent.

8. The Debtors and their secured lenders prepared a budget attached to the Suspension Motion which contemplated payment to landlords after payment to the Debtors' secured lenders. Under no circumstances should the Court consider such relief. Madison and Cortlandt, and all other landlords, should not be forced to incur all the risk of non-payment on a budget that they do not control, especially considering it is well known that the numbers in the

budget cannot reasonably be relied on to support the collections that the Debtors indicate will come from going out of business sales starting in June.  Simply stated, it is not realistic that the Debtors' Winter/Spring inventory will sell for the same prices in June and July as would have been the case in March and April had we not faced the Covid-19 epidemic.  It is also unclear whether employees will return to the Debtors, and whether the states in which the Debtors operate will allow retail stores to open for a full day, a half day, or not at all.  Thus, if the Debtors' budget, approved by their secured lenders, is to be believed, it is not too much to ask for the secured lenders to wait for payment until landlords are paid in full for all rent from the Petition Date through the closure and surrender of their stores.  The Landlords should not bear the risk of the potential failure of the going out of business sales process.  The reasons for this are clear under the Bankruptcy Code: aside from the timely payment of rent, the Landlords are also entitled to adequate protection and have a right to surcharge the lenders' collateral under section 506(c) of the Bankruptcy Code.

9. The Landlords are hopeful that the Court can fashion appropriate relief to protect the interests of the Landlords at the upcoming hearing on April 30, 2020.  The Landlords would prefer such relief be granted on such day.  However, to the extent the Court determines that the landlord community should negotiate with the Debtors, their secured lenders and the official committee of unsecured creditors to resolve the landlords' concerns, the Landlords respectfully join in the Objection filed by Saltru Associates Joint Venture and Crown Acquisitions which describes a proposal for the streamlined prosecution of these cases (the "Proposal").  See Dkt. No. 271. Importantly, because the 60 day anniversary of these cases is on or about May 10, 2020 and no further extension of the Debtors' time to pay rent is countenanced under the Bankruptcy

Code, unless the Court can fashion appropriate relief on April 30, 2020, a further hearing should be scheduled to consider the Proposal on or before May 11, 2020.

## RESERVATION OF RIGHTS

10. The Landlords reserve the right to supplement this Limited Objection and make additional arguments at the April 30th hearing. Further, nothing set forth herein is a waiver of Landlords' rights in these cases including but limited to the Landlords' rights to object to, among other things, (i) the going out of business sales at their locations on a final basis, (ii) use of cash collateral on a final basis, and (iii) assumption, assignment, or rejection of the Leases on terms that are not acceptable to the Landlords.

**WHEREFORE**, it is respectfully requested that the Court deny the relief requested in the Suspension Notice consistent with this Limited Objection and grant such other and further relief as may be just and proper.

Dated: April 26, 2020

    Respectfully submitted,

    **TARTER KRINSKY & DROGIN LLP**
    *Counsel to Madison-RTL Clifton Heights PA LLC and Cortlandt Town Center LLC*

    _/s/Rocco A. Cavaliere_____
    Rocco A. Cavaliere
    1350 Broadway, 11th Floor
    New York, New York 10018
    Telephone: (212) 216-8000
    Facsimile:  (212) 216-8001
    Email: rcavaliere@tarterkrinsky.com