**STARK & STARK**
A Professional Corporation
Joseph H. Lemkin, Esq.
993 Lenox Drive, Bldg. 3
Lawrenceville, NJ 08648-2389
(609)791-7022

*Attorneys for Creditors,*
*Levin Management Corporation,*
*Levin Properties, L.P.,*
*Post Road Plaza, Leasehold, LLC*
*and Somerset County Shopping Center*

**UNITED STATES BANKRUPTCY COURT**
**FOR DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: | Chapter 11 |
| MODELL'S SPORTING GOODS, Inc.*, et al.,* | Case No. 20-14179 (VFP) |
| Debtor(s). | (Jointly Administered) |

**LIMITED OBJECTION, JOINDER AND RESERVATION OF RIGHTS OF**
**LEVIN MANAGEMENT CORPORATION, LEVIN PROPERTIES, L.P., POST ROAD**
**PLAZA, LEASEHOLD, LLC AND SOMERSET COUNTY SHOPPING CENTER**
**TO DEBTORS' NOTICE OF INTENT TO SEEK A FURTHER SUSPENSION OF THEIR**
**CHAPTER 11 CASES THROUGH MAY 31, 2020**

Levin Management Corporation, Levin Properties, L.P., Post Road Plaza, Leasehold, LLC and Somerset County Shopping Center (collectively "Landlords"), by and through their counsel, Stark & Stark, P.C., hereby file the within limited objection, joinder and reservation of rights (the "Objection") to the above-captioned debtors' (the "Debtors") notice of request to continue the suspension of their Chapter 11 cases through May 31, 2020, (the "Notice") pursuant to sections 105 and 305 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Objection, the Landlords respectfully state as follows:

1

## BACKGROUND

1. On or about March 11, 2020 (the "Petition Date"), Debtors filed voluntary petitions under the Bankruptcy Code with this Court.

2. Upon information and belief, Debtors operate their businesses, subject to a prior suspension order noted below, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Landlords, are managing agents and/or landlords of the following locations of leased retail space (collectively the "Premises") each, to one of the Debtors within several shopping centers (collectively the "Shopping Centers"):

| Landlord | Premises |
|---|---|
| Levin Properties, L.P. | 165 NJ-4, Paramus, New Jersey |
| Post Road Plaza Leasehold, LLC | Post Road Shopping Center Pelham Manor, New York |
| Somerset Country Shopping Center | Somerset County Shopping Center 385 US-202 & 206 Bridgewater Township, New Jersey |
|  |  |

4. The Premises each are part of a "shopping center" as that term is referred to in Bankruptcy Code §365(b)(3). As such, Landlords are entitled to the protections of that section for the Premises within the Shopping Centers.[1]

5. Prior to the Petition Date, Debtors and Landlords entered into separate lease agreements and amendments to same (collectively the "Leases"). Certain debtor and non-debtor entities have executed guarantees in connection with the obligations owed under the Leases.

6. As of the Petition Date, the Debtors and corresponding guarantors were delinquent under the Leases and related guarantees. The Debtors and guarantors' delinquencies have continued post-petition.

7. The Leases are leases "of real property in a shopping center" within the meaning of

---

[1] Due to the voluminous nature of the leases, Landlords reserve the right to provide a copy of the leases upon request.

section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

8. On March 23, the Debtors filed a motion whereby they sought suspension of these chapter 11 cases for a lengthy period of time, based upon the COVID-19 pandemic and related forced store closures imposed by various governmental authorities (the "Suspension Motion"). As noted above, the Debtors were already delinquent with their obligations to the Landlords prior to the Petition Date and prior to the COVID-19 crisis.

9. Given the COVID-19 crisis and given concessions regarding limitation of the requested relief sought by the Debtors, and in light of significant opposition to the Suspension Motion, the Court entered a limited suspension order, negotiated by numerous constituents, whereby the Court suspended the cases *sub-judice* for a limited time-period - through April 30, 2020 (the (Suspension Order")[Docket No. 166].

10. On April 20, 2020, the Debtors filed the Notice, pursuant to which it seeks to maintain the current state of affairs through May 31, 2020 [Docket No. 234].

11. While the Landlords understand the impact of COVID-19 on retailers such as the Debtors and other tenants, Landlords too have been devastated by this crisis, and even more so as it relates to the Debtors in this case. In addition to the Debtors' failure to pay stub-rent in March and administrative rent due in April, the Debtors' strategically decided to forego payment of February and March lease obligations leading up to the Petition-Date, even before the COVID-19 outbreak. While the Landlords recognize the issues faced by the Debtors, the burden of these issues should not be solely shouldered by landlords, particularly if the only benefit for continuation of these Chapter 11 cases is for the Debtors' secured lenders.

12. Landlords request that appropriate relief be fashioned to protect the Landlords from being involuntary participants in these cases, as forced storage facilities for the Debtors and Secured

4841-4636-4091, v. 1

Creditors.

13. Section 305 of the Bankruptcy Code does not authorize the Court to override affirmative obligations under the Bankruptcy Code, including section 365(d)(3), which requires timely payment of rent. The mandatory obligations of 365(d)(3) are protections afforded to landlords. Section 305 is not a work-around to avoid such obligations.

### JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS AND RESERVATION OF RIGHTS

14. To the extent consistent with the objections expressed herein and without repeating all legal arguments, Landlords also join, adopt and advances the arguments of other landlords to the Notice, as if fully set forth herein at length. Specifically, Landlords adopt and incorporate the objections filed at Docket Entry Numbers 272, 273, 274, 276 and 256. Landlords reserve all rights to make further and/or future objections based upon any facts or arguments that come to light prior to the hearing on these issues.

**WHEREFORE**, Landlords respectfully requests this Court enter an Order:

a. Sustaining the Objections made herein; and

b. Granting such other and further relief as the Court deems proper.

Respectfully submitted,

**STARK & STARK
A Professional Corporation**

Dated: April 26, 2020

By:   */s/ Joseph H. Lemkin*
Joseph H. Lemkin
Thomas Onder
993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 896-9060 (main)
(609) 895-7395 (facsimile)

4

4841-4636-4091, v. 1