**STARK & STARK, P.C.**
A Professional Corporation
Joseph H. Lemkin, Esq. (JL-2490)
993 Lenox Drive, Bldg. 2
Lawrenceville, NJ 08648
(609) 791-7022
Attorneys for Creditors,
Levin Management Corporation,
Levin Properties, L.P., Post Road Plaza
Leasehold, LLC and Somerset County
Shopping Center

|  |  |
|---|---|
| In re:<br><br>MODELL'S SPORTING GOODS, INC., *et al.*,<br><br>Debtors, | **UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br><br>Chapter 11<br><br>Case No. 20-14179 (VFP)<br><br>Jointly Administered |

**LIMITED OBJECTION OF LEVIN MANAGEMENT CORPORATION, LEVIN PROPERTIES, L.P., POST ROAD PLAZA LEASEHOLD, LLC AND SOMERSET COUNTY SHOPPING ENTER TO NOTICE OF DEBTORS' INTENT TO SEEK A FURTHER SUSPENSION OF THEIR CHAPTER 11 CASES THROUGH AND INCLUDING JUNE 15, 2020**

Levin Management Corporation, Levin Properties, L.P., Post Road Plaza Leasehold, LLC and Somerset County Shopping Center (collectively "Landlords"), by and through their counsel, Stark & Stark, P.C., hereby file the within limited objection, joinder and reservation of rights (the "Objection") to the above-captioned debtors' (the "Debtors") notice of request to continue the suspension of their Chapter 11 cases through June 15, 2020, (the "Notice") pursuant to sections 105 and 305 of title 11 of the United States Code (the "Bankruptcy Code"). In support of the Objection, Landlords respectfully state as follows:

1

4813-3643-1295, v. 2

## BACKGROUND

1. On or about March 11, 2020 (the "Petition Date"), Debtors filed voluntary petitions Under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. Upon information and belief, Debtors operate their businesses, subject prior suspension orders, as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code

3. Landlords, are managing agents and/or landlords of the following locations of leased retail space (collectively the "Premises") each, to one of the Debtors within several shopping centers (collectively the "Shopping Centers"):

| Landlord | Premises |
|---|---|
| Levin Properties, L.P. | 165 NJ-4<br>Paramus, NJ |
| Post Road Plaza Leasehold, LLC | Post Road Shopping Center Pelham Manor, New York |
| Somerset County Shopping Center | Somerset County Shopping Center 385 US-202 & 206<br>Bridgewater Township, New Jersey |

4. The Premises each are part of a "shopping center" as that term is referred to in Bankruptcy Code §365(b)(3). As such, Landlords are entitled to the protections of that section for the Premises within the Shopping Centers.

5. Prior to the Petition Date, Debtors and Landlords entered into separate lease agreements and amendments to same (collectively the "Leases"). Certain debtor and non-debtor entities have executed guarantees in connection with the obligations owed under the Leases.

2

4813-3643-1295, v. 2

6. As of the Petition Date, the Debtors and corresponding guarantors were delinquent under the Leases and related guarantees. The Debtors and guarantors' delinquencies have continued post-petition.

7. The Leases are leases "of real property in a shopping center" within the meaning of section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

8. On March 23, 2020, the Debtors filed a motion whereby they sought suspension of these chapter 11 cases for a lengthy period of time, based upon the COVID-19 pandemic and related forced store closures imposed by various governmental authorities (the "Suspension Motion"). As noted above, the Debtors were already delinquent with their obligations to the Landlords prior to the Petition Date and prior to the COVID-19 crisis.

9. Given the COVID-19 crisis and given concessions regarding limitation of the requested relief sought by the Debtors, and in light of significant opposition to the Suspension Motion, the Court entered a limited suspension order, negotiated by numerous constituents, whereby the Court suspended the cases *sub-judice* for a limited time-period - through April 30, 2020 (the (Suspension Order") [Docket No. 166]. A second order was entered continuing the Suspension through May 31, 2020 [Docket No. 294].

10. On May 27, 2020, the Debtors filed the Notice, pursuant to which it seeks to maintain the current state of affairs through June 15, 2020 [Docket No. 352].

11. While the Landlords understand the impact of COVID-19 on retailers such as the Debtors and other tenants, Landlords too have been devastated by this crisis, and even more so as it relates to the Debtors in this case. In addition to the Debtors' failure to pay stub-rent in March and administrative rent due in April and May, the Debtors' strategically decided to forego payment of February and March lease obligations leading up to the Petition-Date, even

4813-3643-1295, v. 2

before the COVID-19 outbreak. Landlords recognize the issues faced by the Debtors, but given the easing of lockdown orders and re-opening of retail within parts of the Debtors' geographic footprint; there should be no extended delay with regard to the Debtors' obligation to curing all post-petition arrears and stub rent, including for the prior periods of suspension.

12. Landlords request that appropriate relief be fashioned to protect the Landlords from being voluntary participants in these cases, as forced storage facilities for the Debtors and Secured

### JOINDER IN OBJECTIONS RAISED BY OTHER LANDLORDS AND RESERVATION OF RIGHTS

13. To the extent consistent with the objections expressed herein, Landlord also joins in the objections of other shopping center lessors to the Notice as well as any other objections (formal or informal) advanced by other creditors, including the official committee of unsecured creditors. Further, Landlord reserves its rights to make further and or future objections, as additional information is disclosed.

**WHEREFORE**, for the foregoing reasons Landlords respectfully request the entry of an order denying the relief requested in the Notice, and granting such other relief as is just and proper.

Dated: June 3, 2020

Respectfully submitted,

**STARK & STARK**
**A Professional Corporation**

By: */s/ Joseph H. Lemkin*
    Joseph H. Lemkin, Esquire

4

4813-3643-1295, v. 2